[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2009
THOMAS K. KAHN
CLERK

No. 08-17063
Non-Argument Calendar

_____

D. C. Docket No. 08-01433-CV-TWT-1

JASON F. MCGEE,

                                                              Plaintiff-Appellant,

versus

THE HONORABLE CARLTON L. KELL,
Superior Court Judge, Cobb County,
Georgia,

                                                              Defendant,

MELVIN DRUKMAN,

                                                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 8, 2009)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Jason F. McGee, acting without the benefit of counsel, brought this action in district court seeking a declaratory judgment and other equitable relief from certain orders entered by Judge Carlton L. Kell of the Superior Court of Cobb County, Georgia. McGee alleged that these orders, which found that McGee was in contempt of the state court's order for child support and ordered McGee to pay the unpaid support and to make payments necessary to clear title on certain real property, were invalid because they were based upon unsworn statements and did not properly set forth the court's findings of fact and conclusions of law. The district court dismissed McGee's complaint, finding that it "lacks subject matter jurisdiction to review and reverse state court orders and judgments" under the Rooker-Feldman doctrine. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1986).

McGee appeals, asserting that the district court erred in finding that it lacked jurisdiction to consider his complaint. We disagree. The Rooker-Feldman doctrine recognizes that federal courts, other than the Supreme Court, do not have jurisdiction to review final state court decisions. Feldman, 460 U.S. at 476. More recently, the Supreme Court instructed that the doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court

2

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

The instant case fits squarely within the admittedly narrow confines of the Rooker-Feldman doctrine. McGee was a "state-court loser" in his divorce proceeding and child custody dispute who is now "complaining of injuries caused by" the allegedly improper state court contempt orders entered by Judge Kell. See id. The district court, therefore, properly found that it had no jurisdiction to consider McGee's claims. For this reason, we AFFIRM.